Michael J. Gomez  (State Bar No. 251571)
 mgomez@frandzel.com
Reina Jean Clark (State Bar No. 300011)
 rclark@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor,
MHC ALMONDS, LLC, a Delaware limited
liability company

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>S3 GROUP, LLC,<br><br>Debtor. | Case No. 25-50765<br><br>Chapter 11<br><br>R.S. No. 1<br><br>**MOTION TO CONFIRM THAT THE AUTOMATIC STAY DOES NOT APPLY PURSUANT TO 11 U.S.C. § 362(b)(3), OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT OF THE STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**<br><br>Date:  TBD[1]<br>Time:  TBD<br>Ctrm:  TBD |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE:**

MHC Almonds, LLC, a secured creditor of the debtor and debtor-in-possession, S3 Group,

---

[1] An ex parte motion to shorten time on the hearing is pending pursuant BLR 9006-1. Notice will be provided after the ex parte motion is ruled upon.

LLC ("Debtor"), respectfully moves on an emergency basis to confirm that the stay does not apply to the recording of two Trustee's Deeds Upon Sale, or, in the alternative for relief from stay under 11 U.S.C. § 362(d)(1) and for an annulment of the stay to record the Trustee's Deeds Upon Sale. The sales were conducted on May 13 and 14, 2025, respectively. The Debtor filed for bankruptcy on May 20, 2025. The period to record the Trustee's Deeds Upon Sales is 21 days from the sale pursuant to California Civil Code section 2924h(c).

### I. INTRODUCTION

As of early May 2025, the Debtor and several non-debtors owed MHC Almonds, LLC over $100 million. The obligation is secured by deeds of trust. Pre-petition, MHC Almonds, LLC completed non-judicial foreclosure sales in Kern County and Kings County, respectively. The properties are agricultural properties with a single family residence sitting on each. Accordingly, the sales were conducted pursuant to California Civil Code § 2924m. The period for third parties to submit a bid for the properties expired post-petition. No one submitted a bid.

There is competing authority, however, as to whether the sale is final pre- or post-petition. Consistent with prior law, the more reasoned approach is that the sale become final pre-petition. The deadline to record the Trustee's Deed Upon Sale for one of the sales is approximately Tuesday, June 3, 2025. Accordingly, MHC Almonds, LLC seeks relief on an emergency basis to confirm that the stay does not apply under 11 U.S.C. § 362(b)(3), or, in the alternative, for relief from stay under 11 U.S.C. § 362(d)(1) and for an annulment of the stay

### II. FACTUAL BACKGROUND

On or about December 20, 2022, a loan was extended to the Debtor and others (collectively, the "Borrower") in the original principal amount of $101,268,000 (the "Loan"). The Loan was secured by, among other things, multiple deeds of trust in various counties, including Kern County and Kings County, California. The Borrower defaulted on the Loan by failing to make various installment payments from March 1, 2024, onwards, and by breaching various covenants. The Loan was subsequently assigned to MHC Almonds, LLC.

On May 13, 2025, a non-judicial foreclosure sale was conducted for the real property commonly known as 18651 Elgin Ave, Lemoore, California 93245, APN: 004-100-022, in Kings County. At the time of the sale, MHC Almonds, LLC, was the successful bidder for $1,304,771.52.

On May 14, 2025, a non-judicial foreclosure sale was conducted for the real property commonly known as 25174 McCombs Rd, Wasco, California 93280, APN: 059-160-44, in Kern County. At the time of the sale, MHC Almonds, LLC, was the successful bidder for $1,606,668.41.

Fifteen days later after each sale, no notice of intent to bid was submitted. (Gomez Decl.) The Debtor filed for bankruptcy on May 20, 2025.

### III. ARGUMENT

There is a split of authority as to whether or not a sale conducted using the procedure of California Civil Code section 2924m results in a final sale when the sale is conducted pre-petition, but the period for certain eligible bidders to submit a bid, other than the foreclosing beneficiary, expires post-petition. *Compare In re Hager*, 651 B.R. 873 (Bankr. E.D. Cal. 2023) with *In re Stephens*, 661 B.R. 948 (Bankr. C.D. Cal. 2024). In *Hager*, the court ruled against a successful third party bidder and determined that the sale was not final (the "Restrictive Approach"). On the other hand, about a year later, the *Stephens* court ruled that the sale was final at the time the sale was conducted due to the debtor's fleeting, temporary property interest as it is determined whose name will ultimately will reflect on the deed—which will not be the debtor's (the "Universal Approach"). Additionally, in *Stephens*, the court decided that the recording of the deed qualified under the exception of the automatic stay of section 362(b)(3).

The Universal Approach is consistent with the majority of prior existing caselaw that preceded the enactment of California Civil Code section 2924m. *In re Engles*, 193 B.R. 23 (Bankr. S.D. Cal. 1996); *In re Stork*, 212 B.R. 970 (Bankr. N.D. Cal. 1997) (annuling the stay); *In re Garner*, 208 B.R. 698, 701 (Bankr. N.D. Cal. 1997), *In re Bebensee-Wong*, 248 B.R. 820 (B.A.P. 9th Cir. 2000); *In re Olascoaga-DeCampos*, 2013 WL 1856466 (Bankr. N.D. Cal. May 2,

2013) (Hammond, J.) (same).

One unreported decision also follows the Universal Approach. *In re Ford*, 2012 WL 17742285 (Bankr. C.D. Cal. Dec. 15, 2022).

## IV. CONCLUSION

Based on the reasoning of *Stephens*, the Court should determine that the recording is exempt from the stay under 11 U.S.C. § 362(b)(3). Alternatively, the Court should adopt Stephens and annul the stay under 11 U.S.C. § 362(d)(1) under the factors set forth pursuant to *In re Fjeldsted,* 293 B.R. 12 (B.A.P. 9th Cir. 2003).

DATED: May 30, 2025          FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL J. GOMEZ
REINA JEAN CLARK


By:   */s/ Michael J. Gomez*
     MICHAEL J. GOMEZ
     Attorneys for Secured Creditor,
     MHC ALMONDS, LLC, a Delaware limited liability company

# PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On May 30, 2025, I served a true copy of the MOTION TO CONFIRM THAT THE AUTOMATIC STAY DOES NOT APPLY PURSUANT TO 11 U.S.C. § 362(b)(3), OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT OF THE STAY PURSUANT TO 11 U.S.C. § 362(d)(1), as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2025, at Long Beach, California.

*/s/ David T. Moore*
David T. Moore