Michael J. Gomez (State Bar No. 251571)
 mgomez@frandzel.com
Reina Jean Clark (State Bar No. 300011)
 rclark@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor,
MHC ALMONDS, LLC, a Delaware limited
liability company

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re:

    S3 GROUP, LLC,

        Debtor.

Case No. 25-50765

Chapter 11

R.S. No. 1

**DECLARATION OF MICHAEL J. GOMEZ IN SUPPORT OF:**

**(1) EX PARTE MOTION FOR ORDER SHORTENING TIME**

**(2) MOTION TO CONFIRM THAT THE AUTOMATIC STAY DOES NOT APPLY PURSUANT TO 11 U.S.C. § 362(b)(3), OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT OF THE STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Date:  TBD
Time:  TBD
Ctrm:  TBD

I, Michael J. Gomez, hereby declare:

1. I am an attorney licensed to practice law in all courts of the State of California. I am associated with the law firm of Frandzel Robins Bloom & Csato, L.C., and I am counsel for Creditor, MHC Almonds, LLC, a Delaware limited liability company ("MHC"). I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto, except where stated upon information and belief.

2. On May 13, 2025, MHC had a non-judicial foreclosure sale conducted for the real property commonly known as 18651 Elgin Ave, Lemoore, California 93245, APN: 004-100-022, in Kings County. Based on my discussion with the foreclosure trustee I am informed and believe that at the time of the sale, MHC was the successful bidder for $1,304,771.52.

3. On May 14, 2025, MHC had a non-judicial foreclosure sale conducted for the real property commonly known as 25174 McCombs Rd, Wasco, California 93280, APN: 059-160-44, in Kern County. Based on my discussion with the foreclosure trustee I am informed and believe that at the time of the sale, MHC was the successful bidder for $1,606,668.41.

4. Based on my discussion with the foreclosure trustee I am informed and believe that fifteen days later after each sale, no notice of intent to bid was submitted. Each sale was conducted using the procedure of California Civil Code section 2924m. The Debtor filed for bankruptcy on May 20, 2025, after the foreclosure sales had occurred.

**BASIS FOR EXIGENCY**

5. California Civil Code section 2924h(c) provides a 21-day window to record a trustee's deed upon sale. That period expires next week based on the May 13 and 14 sales. MHC does not want to be in violation of stay for recording the deeds upon sale. There is competing caselaw as to whether the recording is a violation of the stay or excepted from the stay under 11 U.S.C. section 362(b)(3). As a result, MHC seeks an order shortening time to obtain a ruling before the 21-day period expires. As it relates BLR 9006-1(c), the reason for the particular shortening of time is set forth above; there have been no prior modifications related to this request; the time modification should not affect the schedule for the case; and the efforts made to speak

DECL. MOTION TO CONFIRM NO STAY IN EFFECT, OR, ALTERNATIVELY, FOR RELIEF FROM STAY

with the respondent are set forth below.

## DISCUSSIONS WITH THE DEBTOR

6. On May 29, 2025, I discussed with counsel for the debtor S3 Group, LLC, Jane Kim, regarding stipulating that the debtor would confirm that the stay did not apply to the recording of the deeds upon sale and/or consent to relief from stay in the alternative, with retroactive relief being granted. Ms. Kim told me she would get back to me the next day, Friday, May 30, 2025. I exchanged an email with Ms. Kim in the morning of May 30th, but she still needed to speak with her client. At about 2:25 p.m., I found out from Ms. Kim that her client would stipulate to the relief, but she was on a plane. Hence, MHC is submitting a motion for relief and request to be heard on Monday. I intend to complete a stipulation after Ms. Kim is able to do so. I also hope to submit a declaration authenticating loan documents on or before the hearing.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on May 30, 2025 at Fresno, California.

Michael J. Gomez

DECL. MOTION TO CONFIRM NO STAY IN EFFECT, OR, ALTERNATIVELY, FOR RELIEF FROM STAY

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On May 30, 2025, I served a true copy of the DECLARATION OF MICHAEL J. GOMEZ IN SUPPORT OF: (1) EX PARTE MOTION FOR ORDER SHORTENING TIME; (2) MOTION TO CONFIRM THAT THE AUTOMATIC STAY DOES NOT APPLY PURSUANT TO 11 U.S.C. § 362(b)(3), OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND ANNULMENT OF THE STAY PURSUANT TO 11 U.S.C. § 362(d)(1), as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2025, at Long Beach, California.

                                  */s/ David T. Moore*
                                  David T. Moore