**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>S3 GROUP, LLC, *et al.*,[1]<br><br>Debtor. | Case No. 25-50765 (MEH) (Main Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 1112(b) AND 305(a), FED. R. BANKR. P. 1017 AND 9014, AND B.L.R. 9014-1(b)(1)(C) FOR ENTRY OF AN ORDER TO DISMISS CHAPTER 11 CASES**<br><br>Requested through Application for Order Shortening Time:<br><br>Date: July 17, 2025<br>Time: 2:30 p.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>280 South First Street, Ctrm. 11<br>San Jose, California 95113-3099 |

---

[1] The last four digits of the S3 Group's tax identification number 8605. Its address for service is P.O. Box 401, Kerman, CA 93630. The last four digits of KW Land Company, LLC's tax identification number 8751. Its address for service is P.O. Box 2428, Paso Robles, CA 93447.

S3 Group, LLC ("S3 Group") and KW Land Company, LLC ("KW Land"), each of which is a debtor and debtor in possession (a "Debtor," and together, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move this Court (the "Motion") pursuant to sections 1112(b) and 305(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1(b)(1)(C) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules") for entry of an order in substantially the form attached hereto as **Exhibit A** dismissing the Chapter 11 Cases.

In support of this Motion, the Debtors submit the *Declaration of Lakhvir Sran in Support of Motion of Debtors' Motion to Dismiss Chapter 11 Cases and Ex Parte Motion for Order Shortening Time* filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND[2]

#### A. The Chapter 11 Cases

On May 20, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, thereby commencing the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a)

---

[2] The facts and circumstances further supporting this Motion are set forth in the *Declaration of Lakhvir Sran in Support of Debtors' June 2, 2025 Motions* [Case No. 25-50764, Dkt. No. 20; Case No. 25-50765, Dkt. No. 38]. Capitalized terms used but not defined herein have the meanings ascribed to them therein.

and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

The Debtors, along with their non-Debtor affiliates (collectively, the "Companies") are a vertically integrated farming operation based in Kerman, California, consisting of a total of twenty-three land owning entities, crop processing facilities, and sales and marketing entities, in addition to affiliated staffing companies. The Companies are in the business of farming and processing almonds and pistachio nuts, farming wine grapes, and bulk wine production. The Companies farm a total of approximately 7,000 acres of land, of which approximately 6,200 acres are planted with vineyards or orchards.

### B. The Debtors' Secured Debt

The Companies owe approximately $186 million in debt secured to nine different lenders. In addition, the Companies hold three revolving credit facilities on which they owe approximately $39 million. Several lenders whose debt is secured by real property are cross-collateralized. In addition, one of the two working capital lenders possesses second lien rights on real properties financed by other secured lenders.

The Companies have experienced significant financial challenges over the past several years, due largely to unfavorable market and growing conditions combined with high levels of indebtedness and rising interest rates. Addressing these challenges has drained needed cash away from company operations.

Because of the Companies' financial difficulties, the Companies have been unable to meet their obligations under their existing loans and revolving credit facilities. This resulted in various defaults, some stretching back to 2023, to which the Companies' lenders responded in a variety of ways. Several lenders agreed to restructure the Companies' obligations, often taking additional collateral as part of the restructuring. On or about June 6, 2025, one lender obtained an order appointing a receiver and issuing a temporary restraining order entered that forbids certain of the Companies from utilizing funds collected from the sale of their products. The revolving credit facilities are frozen. Five real properties have been foreclosed on, and several other foreclosure actions are pending. The Debtors filed their petitions on the eve of one such foreclosure.

C. The State of the Estates' Assets and Funds

The Companies and their advisors have engaged with the Companies' lenders to pursue a consensual path forward. Substantially all of the Debtors' real properties are encumbered, with several being cross-collateralized, and it is likely that the total of the secured claims significantly exceeds the value on the real properties. Despite efforts to negotiate funding of a debtor-in-possession loan or to locate an alternative financing source to fund the Chapter 11 Cases, the Companies' efforts have been unsuccessful to date. Cash collateral held by one of the Debtors, S3, is cash collateral of a lender that has not consented to its use for any purpose. After discussions with the major lenders, the Debtors believe that the best way to protect the Debtors' properties and minimize liability is to allow the Debtors' real property to be foreclosed upon by the land lenders so that those lenders can protect the value of the underlying collateral.

### III. RELIEF REQUESTED

The Debtors request that the Chapter 11 Cases be dismissed pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code.

### IV. BASIS FOR RELIEF

#### A. Authority exists under section 1112(b) to dismiss the Chapter 11 Cases.

Section 1112 states that a case may be dismissed "for cause." A motion to dismiss a chapter 11 case requires a two-step analysis: first, to determine whether cause exists to dismiss the case, and second, whether dismissal or conversion is in the "best interests of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1); *Marciano v. Fahs* (*In re Marciano*), 459 B.R. 27, 48–49 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013).

##### 1. Cause exists to dismiss the Chapter 11 Cases.

Section 1112(b)(4) identifies 16 grounds constituting cause to dismiss a chapter 11 case, but these enumerated grounds are not exhaustive. 11 U.S.C. § 1112(b)(4); *Moore v. U.S. Tr. For Region 16* (*In re Moore*), 583 B.R. 507, 512 (C.D. Cal. 2018) ("bankruptcy courts may look beyond 11 U.S.C. § 1112(b)(4)"). A bankruptcy court has broad discretion to determine what constitutes cause under section 1112(b). *Sullivan v. Harnisch* (*In re Sullivan*), 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014). The movant bears the burden of proving, by a preponderance of the

evidence, that cause exists. *Id.* at 614; *Baroni v. Seror* (*In re Baroni*), 36 F.4th 958, 966 (9th Cir. 2022).

          a.      **Cause exists to dismiss the Debtors' Chapter 11 Cases under section 1112(b)(4)(A) because there is substantial or continuing loss and there is no reasonable likelihood of rehabilitation.**

Cause can be established on the ground of "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The movant must establish that both prongs exist. *Legal Serv. Bureau, Inc. v. Orange Cnty. Bail Bonds, Inc.* (*In re Orange Cnty. Bail Bonds, Inc.*), 638 B.R. 137, 150 (B.A.P. 9th Cir. 2022). The first prong can be established by negative cash flow after the petition date. *Id.* The second prong requires the bankruptcy court to determine whether the debtor can correct the continuing losses and rehabilitate. *Id.*

The Debtors satisfy this two-prong inquiry. The first prong is satisfied because, as documented in the Debtors' May 2025 monthly operating reports, the Debtors have negative cash flow. The second prong is met because the restrictions imposed by the temporary restraining order and the appointment of a receiver have substantially limited the Companies' ability to fund their or the Debtors' operations.[3] Moreover, while the Debtors and their advisers have been in near-constant negotiations with their lenders and other potential funding sources since the Debtors filed their petitions, they have not been able to negotiate a DIP loan or alternative form of financing. These factors, coupled with the unfavorable market and growing conditions, make it unlikely that the Debtors could rehabilitate and bring their Chapter 11 Cases to a satisfactory resolution.

/ / /

/ / /

/ / /

---

[3] Were the Companies to commence their own cases under chapter 11, it is likely that the receiver would be dispossessed of the Companies' assets pursuant to section 543(b) of the Bankruptcy Code. However, for the reasons set forth herein, the Debtors have concluded that it is unlikely that they or the Companies collectively would be able to present evidence sufficient to obtain an order authorizing the use of cash collateral without the lenders' consent, which consent they have determined would not be granted, or to obtain third party financing.

b.  **Cause exists to dismiss the Debtors' Chapter 11 Cases because the Debtors are unable to confirm and effectuate a plan.**

Cause also exists where a debtor is unable to confirm a chapter 11 plan or where reorganization within a reasonable period of time is impracticable. *Bronson v. Thompson* (*In re Bronson*), Nos. AZ-12-1320-MkDJu- 08-00777, 2013 Bankr. LEXIS 4652, at *26 (B.A.P. 9th Cir. May 29, 2013) ("[W]hen it becomes apparent to the court that the debtor will not be able to confirm and effectuate a plan within the foreseeable future, the bankruptcy court should exercise its discretion under § 1112(b) to dismiss or convert."); *see also In re Am. Capital Equip., LLC*, 688 F.3d 145, 161, 162 n.10 (3d Cir. 2012) (although the "inability to effectuate a plan" is no longer enumerated in section 1112(b)(4), it is still a viable basis for dismissal); *In re Aurora Memory Care LLC*, 589 B.R. 631, 640 (Bankr. N.D. Ill. 2018) (same).

As discussed above, the Debtors' assets are encumbered by liens and mortgages that are likely to exceed the value of the assets, such that the Debtors do not believe that there will be any case or proceeds of unencumbered assets to pay administrative costs or unsecured creditors. Additionally, the costs of proposing, confirming, and consummating a chapter 11 plan would outweigh any benefit and would deplete the remaining assets, if any.

2.  **Dismissal, not conversion to chapter 7 or the appointment of chapter 11 trustees or examiners, is in the best interest of the creditors and the estate.**

The bankruptcy court has the independent obligation to consider whether dismissal, conversion, or the appointment of a trustee or examiner under section 1104(a) is in the best interests of all creditors. 11 U.S.C. § 1112(b)(1); *see Baroni*, 36 F.4th at 968; *Pioneer Liquidating Corp. v. U.S. Tr.* (*In re Consolidated Pioneer Mortg. Entities*), 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000).

The Debtors' assets are fully encumbered. A receiver over assets of the other Companies has been appointed at the request of one lender and a temporary restraining order forbids the Companies from utilizing proceeds collected from the sale of their products.[4] Several of the Companies' properties have been foreclosed on. Consequently, if the Chapter 11 Cases are

---

[4]  *See* note 3, *supra*.

converted to cases under chapter 7 or put under the control of chapter 11 trustees or examiners, there will remain nothing to reorganize or administer. Moreover, if a chapter 7 or chapter 11 trustee or examiner were appointed, additional administrative expenses would be incurred to pay them and their professionals, which expenses would not be paid and eliminating all prospect of recovery for unsecured creditors. This is not in the best interests of the creditors and the estate.

Furthermore, the Companies and their advisors are continuing discussions with their lenders and the receiver outside of the bankruptcy process. While no agreements have yet been reached, the Debtors are hopeful that the out-of-court negotiations will be successful in protecting the value of the Debtors' assets and reducing the incurrence of new debts; the Debtors believe that there is nothing further to pursue within bankruptcy. *See In re Mazzocone*, 183 B.R. 402, 414 (Bankr. E.D. Pa. 1995) (dismissal is in the best interest of creditors where a "[d]ebtor no longer wishes to utilize the bankruptcy process for any of its intended purposes.").

For these reasons, the Debtors believe that dismissal is appropriate and in the best interests of the estates and creditors.

### B. Alternatively, the Court should abstain from and dismiss the Chapter 11 Cases under section 305(a).

Section 305(a) permits dismissal at any time if "the interests of the creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1). Dismissal under section 305(a)(1) requires that both the creditors and the debtor benefit therefrom, rather than applying a balancing test to determine whether dismissal is favored. *Eastman v. Eastman* (*In re Eastman*), 188 B.R. 621, 625 (B.A.P. 9th Cir. 1995). As the legislative history emphasizes, when "an arrangement is being worked out by creditors and the debtor out of court" and "there is no prejudice to the rights of creditors in that arrangement," dismissal is appropriate. *Id.* at 624–25 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 325 (1977); 1978 U.S.C.C.A.N. 5963, 6281).

Dismissal of the Chapter 11 Cases under section 305(a) is warranted for the same reasons cause exists under section 1112(b). As has been demonstrated above, dismissal is in the interest of the Debtors and their creditors because the Debtors have no available funds or assets with which to prosecute their Chapter 11 Cases. Moreover, the Debtors, along with the Companies and their

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

advisors, are continuing to negotiate agreements with their lenders outside of the bankruptcy court. Although there are no agreements yet, the Debtors anticipate that agreements will be reached that allow them to maximize the value of their assets and reduce the incurrence of new indebtedness.

For all the foregoing reasons, the Debtors believe dismissal is warranted under sections 1112(b) and 305(a) of the Bankruptcy Code.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Jared A. Day); (ii) all creditors in the Chapter 11 Cases; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

No other previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and such other and further relief as the Court may deem just and appropriate.

Dated: July 2, 2025                  **KELLER BENVENUTTI KIM LLP**

By: */s/ Tobias S. Keller*
Tobias S. Keller
*Proposed Attorneys for Debtors and Debtors in Possession*