**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re:

S3 GROUP, LLC, *et al.*,[1]

Debtor.

Case No. 25-50765 (MEH) (Main Case)

(Joint Administration Request Pending)

Chapter 11

**DECLARATION OF LAKHVIR SRAN IN SUPPORT OF DEBTORS' MOTION TO DISMISS CHAPTER 11 CASES AND *EX PARTE* MOTION FOR ORDER SHORTENING TIME**

Requested through Application for Order Shortening Time:

Date: July 17, 2025
Time: 2:30 p.m. (Pacific Time)
Place: United States Bankruptcy Court
280 South First Street, Ctrm. 11
San Jose, California 95113-3099

---

[1] The last four digits of the S3 Group's tax identification number 8605. Its address for service is P.O. Box 401, Kerman, CA 93630. The last four digits of KW Land Company, LLC's tax identification number 8751. Its address for service is P.O. Box 2428, Paso Robles, CA 93447.

I, Lakhvir Sran, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Manager of KW Land Company, LLC ("KW Land") and the Manager and a Member of S3 Group, LLC ("S3 Group"), each of which is a debtor and debtor in possession (a "Debtor" and, collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. I submit this declaration in support of the *Motion of Debtors Pursuant to 11 U.S.C. §§ 1112(b) and 305(a), Fed. R. Bankr. P. 1017 and 9014, and B.L.R. 9014-1(b)(1)(C) for Entry of an Order to Dismiss Chapter 11 Cases* (the "Motion") and the *Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion for Relief from Stay and Motion to Dismiss* (the "Motion to Shorten").[2] The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto.

3. On May 20, 2025, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Because of the Companies' financial difficulties, the Companies have been unable to meet their obligations under their existing loans and revolving credit facilities. This resulted in various defaults, some stretching back to 2023, to which the Companies' lenders responded in a variety of ways. Several lenders agreed to restructure the Companies' obligations, often taking additional collateral as part of the restructuring. On or about June 6, 2025, one lender obtained an order appointing a receiver and issuing a temporary restraining order entered that forbids certain of the Companies from utilizing funds collected from the sale of their products. The revolving credit facilities are frozen. Five real properties have been foreclosed on, and several other foreclosure actions are pending. The Debtors filed their petitions on the eve of one such foreclosure.

5. The Companies and their advisors have been engaging with the Companies' lenders to pursue a consensual path forward but these discussions to date have been unsuccessful.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

6. Substantially all of the Debtors' real properties are encumbered, with several being cross-collateralized, and it is likely that the total of the secured claims significantly exceeds the value on the real properties. Despite efforts to negotiate funding of a debtor-in-possession loan or to locate an alternative financing source to fund the Chapter 11 Cases, the Companies' efforts have been unsuccessful to date. Cash collateral held by one of the Debtors, S3, is cash collateral of a lender that has not consented to its use for any purpose. After discussions with the major lenders, the Debtors believe that the best way to protect the Debtors' properties and minimize liability is to allow the Debtors' real property to be foreclosed upon by the land lenders so that those lenders can protect the value of the underlying collateral.

7. By the Motion to Shorten, the Debtors request an order shortening time for a hearing (the "Hearing") on July 17, 2025, at 2:30 p.m., or as soon thereafter as is convenient for the Court, on the Motion for Relief from Stay and the Motion to Dismiss.

8. Both the Motion for Relief from Stay and the Motion to Dismiss seek relief that is necessary to ensure that the Debtors are able to continue to protect the value of their assets and minimize the incurrence of additional liabilities. Accordingly, the Debtors submit that sufficient cause exists for the Court to grant the relief requested in the Motion to Shorten.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of July 2025, in Kerman, California.

                                                            */s/ Lakhvir Sran*
                                                              Lakhvir Sran