**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
JANE KIM (Cal. Bar No. 298192)
(jkim@kbkllp.com)
TRACI L. SHAFROTH (Cal. Bar No. 251673)
(tshafroth@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>S3 GROUP, LLC, *et al.*,[1]<br><br>Debtor. | Case No. 25-50765 (MEH) (Main Case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF LAKHVIR SRAN IN SUPPORT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 1112(b) AND 305(a), FED. R. BANKR. P. 1017(f) AND 9014, AND B.L.R. 9014-1(b)(1)(C) FOR ENTRY OF AN ORDER TO DISMISS CHAPTER 11 CASES**<br><br>Date: July 17, 2025<br>Time: 2:30 pm (Pacific Time)<br>Place: United States Bankruptcy Court<br>280 South First Street, Ctrm. 11<br>San Jose, California 95113-3099 |

---

[1] The last four digits of the S3 Group's tax identification number 8605. Its address for service is P.O. Box 401, Kerman, CA 93630. The last four digits of KW Land Company, LLC's tax identification number 8751. Its address for service is P.O. Box 2428, Paso Robles, CA 93447.

I, Lakhvir Sran, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Manager of KW Land Company, LLC ("KW Land") and the Manager and a Member of S3 Group, LLC ("S3 Group"), each of which is a debtor and debtor in possession (a "Debtor" and, collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. I submit this supplemental declaration in support of the *Motion of Debtors Pursuant to 11 U.S.C. §§ 1112(b) and 305(a), Fed. R. Bankr. P. 1017(f) and 9014, and B.L.R. 9014-1(b)(1)(C) for Entry of an Order to Dismiss Chapter 11 Cases* (the "Motion").[2] The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto.

3. The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto.

4. The Debtors have 1,948 planted acres of almond orchards, and 306 planted acres of pistachios. The cost of maintaining and cultivating those plants is substantial and constant. Among the critical expenses (collectively, the "Expenses") that must be funded in the next three to four weeks are the following:

   a. Irrigation services require water supplied by the water districts, and power supplied by PG&E. Weekly costs for water and power are estimated to be $50,000. If water or power is shut off, even for a few days, in the 100+ degree heat in the Central Valley, the trees will die.

   b. Weed and pest control to keep the quality of the almonds and pistachios will cost $494,881 for the rest of the growing season.

   c. The cost to operate and maintain equipment will cost $233,335

   d. Harvest cost will exceed $1.1 million.

   e. The cost of labor to maintain and cultivate the crops is over $15,000 per week.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5. The Debtors do not have unencumbered cash to pay, or assets necessary to finance payment of, the Expenses.

6. The Debtors have sought contributions from other interested parties to pay the Expenses and help protect the Debtors' assets, as follows, but have not been able to obtain nearly enough funding to cover all of the Expenses. Specifically:

    a. Although certain of the lenders provided protective advances to the Debtors prior to the Petition Date and have continued to provide protective advances to the non-Debtor affiliates (the "Affiliates"), no lender has been willing to provide any funding with respect to the Debtors' properties while the Debtors are in bankruptcy.

    b. A receiver has been appointed over a number of the Affiliates and has been asked to pay the Expenses; while a limited number of the Expenses have been paid selectively, the receiver has declined to pay the majority of the Expenses.

    c. Certain Affiliates that are not the subject of a receivership may have obligations to pay some of the Expenses but do not have the cash or financial ability to do so.

7. If the Expenses are not fully funded, the Debtors' trees and plants will die. Without living and healthy trees, the value of the Debtors' property will be substantially eroded.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of June 2025, in Fresno, California.

                                          */s/ Lakhvir Sran*
                                          Lakhvir Sran